# In the United States Court of Federal Claims

No. 19-209
(Filed 11 September 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * *
                                       *
ENGINEERING &                          *
ENVIRONMENT, INC.                      *
                                       *
                                       *
              Plaintiff,               *
                                       *
       v.                              *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff Surendera Kumar, acting *pro se* and identifying himself as Engineering & Environment, Inc. ("EEI"), filed a complaint alleging that the Air Force discriminated against Mr. Kumar in violation of the Civil Rights Act of 1964 when the Air Force suspended performance of and terminated EEI's wastewater management services contract for default. *See* ECF No. 1, Compl. ¶ 17. Acting upon a motion filed by the government, this Court identified plaintiff's *pro se* status as a defect in the complaint since Mr. Kumar was not the real party in interest to this dispute, and this Court's rules prohibit corporations from acting *pro se*. ECF No. 8, Order at 2.

The crux of this dispute involves a contract between the Air Force and EEI, not Mr. Kumar. Rule 17(a) of the Rules of the Court of Federal Claims ("RCFC") require actions to be prosecuted in the name of the real party in interest. Generally, an individual may proceed *pro se*, but this Court's rules prohibit corporations from doing so. RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or a member of one's immediate family, but *may not represent a corporation* . . . .") (emphasis added). Because EEI is the real party in interest, the action must be prosecuted in its name; and because EEI is a corporation, it must be represented by counsel.

On 9 July 2019, this Court directed plaintiff to obtain counsel by 6 September 2019, stating "[i]f no counsel makes an appearance, the case will be dismissed for failure to prosecute and failure to comply with a court order." ECF No. 8, Order at 3; *see also* RCFC 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest

2

until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").

Neither EEI nor Mr. Kumar has submitted or filed documents of any sort with this Court since its 9 July 2019 order was issued. For this failure to prosecute the complaint in the name of the real party in interest, the case is hereby **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

RYAN T. HOLTE
Judge

2